831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shelley E. KEELING, Plaintiff-Appellant,
v.
PENNWALT CORPORATION, Defendant-Appellee.
 No. 86-5405
 United States Court of Appeals, Sixth Circuit.
 October 6, 1987.
 
 Before MERRITT, KRUPANSKY and DAVID A. NELSON, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this Title VII case alleging discharge from employment based on race, the primary issue on appeal is whether statements accusing plaintiff of stealing, made at an arbitration hearing by plaintiff's maintenance supervisor, Joe R. Hall, were inadmissible as hearsay evidence at the Title VII trial in the district court. Mr. Hall did not testify at the district court trial. His statements were elicited through the testimony of two Pennwalt employees. We conclude that the statements were admissible, or, if error, were harmless.
 
 
 2
 On May 4, 1983, the maintenance supervisor, Hall, says he observed appellant attempting to steal some liquid soap which belonged to the corporation. Later in the day, Hall, John Sklavos (manager of maintenance), Jim Shemwell (labor relations supervisor) and John Webster (manager of safety and security) waited for keeling to leave the plant. Keeling was carrying a brown grocery sack with clothes protruding from the top. When Keeling reached the company parking lot, he walked quickly to a waiting car into which he placed the sack. Hall and the other men walked up to the car and asked if they could search the sack because they believed Keeling was stealing company property. Keeling refused.
 
 
 3
 On May 9, 1986, Keeling, his union representative, and the Company met. Keeling was discharged for failure to obey the request to search the bag. At the grievance hearing held June 6, 1983 Keeling refused to answer questions concerning the May 4 altercation. The arbitrator ruled that Pennwalt discharged Keeling for just cause. The arbitrator and the district court were persuaded by three factors indicating that Keeling's discharge was non-discriminatory: Keeling had refused to allow his supervisors to see the contents of his bag. Although Keeling produced evience showing that two white employees only received thirty-day suspensions after being charged with stealing, these employees had not violated a simple order directed by a supervisor, and their disciplinary records were virtually unblemished. Keeling's disciplinary record revealed seventeen violations.
 
 
 4
 The basic issue on appeal is whether the district court erred in admitting Hall's out-of-court statements through the testimony of two witnesses. Upon review of the record, we conclude that the statements were not offered to prove the truth of the matter asserted--that Keeling had in fact stolen the liquid soap--and were not hearsay. Rather, the statements were introduced to establish the reason company officials ordered Keeling to show them the contents of the bag. Although this Court was not furnished with a copy of the trial transcript, we conclude that the District Court admitted the statements not for their truth but rather to show that company officials had a valid reason for their simple order. Therefore, Mr. Hall's statements did not constitute inadmissible hearsay and the district court did not err in so considering this evidence.
 
 
 5
 In the alternative, if we assume that the statements were offered for the proposition that Keeling had stolen the liquid soap, and that the district court erred in considering this evidence, the error was harmless.
 
 
 6
 Applying McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981), the district court held that: 1) Keeling belongs to a racial minority; 2) he was apparently qualified for continued employment; and 3) he was discharged. The court unequivocally found that Keeling had demonstrated a prima facie case of racial discrimination. The court found, however, that the employer had presented a legitimate nondiscriminatory reason for the discharge since the arbitration decision confirmed the employer's action against plaintiff. The court explained that in the Sixth Circuit, 'an arbitration decision in favor of the employer is sufficient to carry the employer's burden of articulating some legitimate nondiscriminatory reason for the employer's rejection.' Jasany v. United States Postal Service, 755 F.2d 1244, 1252 (6th Cir. 1985).
 
 
 7
 The burden of persuasion then shifted back to plaintiff to prove by a preponderance of the evidence that the employer's articulated reason for the discharge was mere pretext. The district court emphasized that the discharge was reasonable because Keeling had refused to follow a reasonable order, had seventeen disciplinary citations within a ten-year period, and had presented no evidence that any other employee with a similar record was permitted to keep his job.
 
 
 8
 This Court commends Keeling for his pro se appearance and argument before the Court. For the reasons stated, however, the judgment of the district court's opinion is affirmed.